UNITED STATES DISTRICT COURT
NORTHERN DISTRICT GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| KERRA GRIFFIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES LLC, and NATIONAL | ) |
| CREDIT SYSTEMS, INC. | ) |
| | ) |
| Defendants. | ) |

**<u>PLAINTIFF'S COMPLAINT</u>**

Plaintiff, KERRA GRIFFIN ("Plaintiff"), by and through her attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendants, EQUIFAX INFORMATION SERVICES LLC, and NATIONAL CREDIT SYSTEMS, INC. (hereinafter "Equifax" and "National Credit Systems" respectively, and "Defendants" collectively");

**INTRODUCTION**

1. Counts I and II of Plaintiff's Complaint are based on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and Regulation V, 12 C.F.R. part 1022, and are against both Defendants.

2. Count III of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and is against Defendant

1

National Credit Systems.

## JURISDICTION AND VENUE

3. This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq.*, pursuant to 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1692k (FDCPA).

4. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in the City of Newnan, Coweta County, State of Georgia.

6. Plaintiff is a "consumer" as that term is defined by § 1681a(c) of the FCRA.

7. Defendant Equifax is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Georgia, is a citizen of the state of Georgia.

8. At all relevant times Defendant Equifax was a "consumer reporting agency" as that term is defined by the FCRA.

9. Defendant National Credit Systems regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Georgia, is a citizen of the state of Georgia.

10. At all relevant times, Defendant National Credit Systems was a "furnisher" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

11. At all relevant times, Defendants were each a "person" as that term is defined by the FCRA.

## FACTUAL ALLEGATIONS

12. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

13. Defendant Equifax has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter, the "inaccurate information").

14. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflect Plaintiff's history of credit, named: National Credit Systems, Inc. (original creditor: Bridgewater Apartments, GoldOller Real Estate Investments o/b/o).

15. At all times relevant, National Credit Systems reported a balance of $13,973.00 (account No. #####98) to Plaintiff's credit file to Equifax.

16. The aforementioned account is not owed because (1) Plaintiff worked for Bridgewater/GoldOller and never owed them money, and (2) the account was discharged in bankruptcy. (*Griffin*, Case No. 22-50798-sms; Bankr. N.D. Ga. January 28, 2022).

17. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's worthiness.

18. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

19. At all times relevant, National Credit Systems also furnished information about the accounts to Plaintiff's credit file.

20. In or around July 2023, Plaintiff disputed the inaccurate information with Equifax, by written communication to their representatives [and by following Equifax's established procedure for disputing consumer credit information].

21. Plaintiff's disputes explained that the alleged debt was discharged in Plaintiff's bankruptcy proceedings on May 18, 2022.

22. Plaintiff provided a copy of the bankruptcy discharge order to show that the alleged debt was in fact discharged on May 18, 2022.

23. Upon information and belief, Defendants Trans Union, Experian and Equifax notified First Premier of Plaintiff's dispute and the nature of the dispute.

24. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendants Trans Union, Experian and Equifax, Defendant First Premier received notification from Defendants Trans Union, Experian and Equifax of Plaintiff's dispute and the nature of the dispute.

25. Upon information and belief, Defendants Trans Union, Experian and Equifax received the results of Defendant First Premier's investigation as to Plaintiff's dispute.

26. Upon information and belief, Defendants Trans Union, Experian and Equifax updated the reporting of the account at issue solely based upon the information it received from Defendant First Premier in response to Plaintiff's dispute.

27. Defendants did not respond to Plaintiff's dispute.

28. Despite the foregoing, Defendants continued to report the inaccurate account.

29. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, have failed to remove the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

30. At all times pertinent hereto, Defendants were acting by and through Defendants' agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants.

31. At all times pertinent hereto, the conduct of Defendants, as well as that of Defendants' agents, servants and/or employees, was malicious, intentional,

willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

32. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Impeded Plaintiff's ability to obtain credit;
    b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;
    c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;
    d. Denial of credit, loans, financing and/or other damages, not within five (5) days of Plaintiff disputing the inaccurate information with yet known by Plaintiff; and
    e. Decreased credit score which may result in inability to obtain credit on future attempts.

33. Defendants' above-referenced conduct further affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and emotional distress.

34. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and

harm to Plaintiff.

## COUNT I
## DEFENDANT EQUIFAX VIOLATED THE FAIR CREDIT REPORTING ACT

35. Plaintiff repeats and re-alleges paragraphs 1-34 of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

36. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

   e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

37. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff, KERRA GRIFFIN, respectfully requests judgment be entered against Defendant, EQUIFAX INFORMATION SERVICES LLC, for the following:

i. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

ii. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

iii. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

iv. Equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

v. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT NATIONAL CREDIT SYSTEM VIOLATED THE FAIR CREDIT REPORTING ACT

38. Plaintiff repeats and re-alleges paragraphs 1-34 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

39. Defendant National Credit Systems violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

   a. Willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

   b. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

   c. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

   d. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2; and

   e. Willfully and negligently failing to establish and implement reasonable written policies and procedures regarding the accuracy and integrity of

the information relating to consumers that it furnishes to a consumer reporting agency pursuant to Regulation V.12 C.F.R. § 1022.42(a).

40. Defendant National Credit System's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant National Credit Systems is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

WHEREFORE, Plaintiff, KERRA GRIFFIN, respectfully requests judgment be entered against Defendant, NATIONAL CREDIT SYSTEMS, INC., for the following:

  i. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

  ii. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

  iii. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

  iv. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

v.  Any other relief that this Honorable Court deems appropriate.

## COUNT III
## NATIONAL CREDIT SYSTEM VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff repeats and re-alleges paragraphs 1-34 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

42. Plaintiff is a consumer as that term is defined by the FDCPA.

43. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

44. Defendant is a debt collector as that term is defined by the FDCPA.

45. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

46. Defendant NATIONAL CREDIT SYSTEM is a business entity engaged in the collection of debt within the State of Georgia.

47. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

48. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

49. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

50. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other

11

correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

51. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

52. Defendant is attempting to collect a consumer debt from Plaintiff allegedly arising from Bridgewater Apartments.

53. The alleged debt owed arises from transactions for personal, family, and household purposes.

54. Plaintiff does not owe the alleged debt, as Plaintiff worked for Bridgewater Apartments and, additionally, the debt was discharged in bankruptcy.

55. Despite the foregoing, Defendant reported the account to the major credit bureaus.

56. Defendant did not communicate or attempt to communicate with Plaintiff by phone, mail, or electronic means prior to reporting the account.

57. The bankruptcy discharge notification was sent to the original creditor and, upon information and belief, to Defendant.

58. Despite the foregoing, Defendant continued to report the account.

59. Defendants violated the FDCPA based on, but not limited to, the following:

a. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendants attempted to collect a debt that plaintiff does not owe, when Defendants attempted to collect a debt that Plaintiff does not owe, when Defendants improperly reported the debt to the credit bureaus, and when Defendants reported the debt without first communicating or attempting to communicate with Plaintiff;

b. Defendants violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendants engaged in at least the following discrete violations of § 1692e;

c. Defendants violated § 1692e(2) of the FDCPA by falsely representing the character, amount, or legal status of any debt, when Defendants attempted to collect a debt that plaintiff does not owe, and when Defendants improperly reported the inaccurate debt to the credit bureaus;

d. Defendant violated section 1006.30(a)(1) of Regulation F (12 CFR 1006.30) by furnishing to a consumer reporting agency information about a debt before the debt collector speaks to the consumer about

13

the debt in person or by telephone, or places a letter in the mail or sends an electronic message to the consumer about the debt, when defendant reported the alleged debt to the credit bureaus without first speaking to Plaintiff or placing a letter in the mail or sending an electronic message to Plaintiff about the debt; and

e. Defendants violated § 1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt, when Defendants engaged in the foregoing conduct.

WHEREFORE, Plaintiff, KERRA GRIFFIN, respectfully requests judgment be entered against Defendant, NATIONAL CREDIT SYSTEMS, INC., for the following:

i. Actual damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

ii. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

iii. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

iv. Any other relief that this Honorable Court deems appropriate.

DATED: July 25, 2024

        RESPECTFULLY SUBMITTED,

        By: /s/Shireen Hormozdi Bowman
           Shireen Hormozdi Bowman
           SBN: 366987
           Hormozdi Law Firm, LLC
           1770 Indian Trail Lilburn Road
           Norcross, GA 30093
           Tel: 678-395-7795
           Fax: 866-929-2434
           shireen@norcrosslawfirm.com
           Attorney for Plaintiff